## Pepple v. Neibert

*Roy S. F. Angle*, for plaintiff.

*Millard A. Ullman* and *Thomas J. MacBride*, for defendant.

WINGERD, P. J., December 30, 1955.—This is an action of ejectment in which preliminary objections were filed to the complaint which consisted of motion for a more specific pleading, a demurrer and motion to strike off complaint.

The complaint sets forth the description by metes and bounds of two tracts of land, tract no. 1 and tract no. 2, and avers that plaintiff is the owner of said tracts to which he acquired title by actual, continuous, visible, notorious, distinct and hostile or adverse possession of the same for more than 21 years prior to defendant, Bruce I. Neibert, purporting to possess tract no. 1 and part of tract no. 2 and attempting to take possession, that plaintiff by virtue of such adverse possession is the owner and entitled to possession of said tracts, that defendant "entered upon said premises on or about February 28, 1955 and has been since that date and is now occupying the said premises without right" and that plaintiff has repeatedly demanded possession from defendant and defendant has refused to deliver up possession of the said premises to him.

The motion for a more specific pleading is based upon the ground that the complaint fails to aver the facts which are the basis of the adverse possession alleged and the extent thereof, that it does not state the extent to which defendant purported to possess part of tract no. 2, that the complaint does not allege what part of tract no. 1 and tract no. 2 defendant is now occupying and that the factual prerequisites to the institution of the suit are not averred.

The motion to strike off complaint is on the ground that it is not in conformity with Pa. R. C. P. 1019 in that the averments as to adverse possession are conclusions of law and in that the averments do not state whether the claim is based upon a writing or otherwise and that it is not in conformity with Pa. R. C. P. 1054 in that it does not set forth an abstract of title. The demurrer is general alleging that the complaint does not set forth any cause of action which would permit recovery.

It seems to this court that the complaint is sufficiently specific to enable defendant to file an answer. The averments of adverse possession are sufficient in that adverse possession is a matter of fact and it is certainly not necessary to aver the evidence upon which plaintiff bases his claim of title by adverse possession. The averments of adverse possession that it was actual, continuous, etc., are not conclusions of law but matters of fact. The complaint sets forth specifically that the 21 years of adverse possession by plaintiff had elapsed before defendant purported or claimed to possess tract no. 1 and part of tract no. 2 and attempted to take possession thereof. This averment is clearly for the purpose of showing that the adverse possession of plaintiff was not disputed nor any possession of the land involved taken by defendant prior to the expiration of the full 21 years.

The complaint then goes on to state that defendant on or about February 28, 1955, entered upon the "said premises", which certainly refers to the two tracts of land fully described, and that defendant is occupying them without right and, although plaintiff has repeatedly demanded possession of the "said premises", defendant has refused to deliver up possession "of the same". The complaint alleges a title by adverse possession describing the land involved by metes and bounds and sets forth that on a date, namely, February 28, 1955, defendant entered and occupied "the said premises" which necessarily is all the land described by metes and bounds as tract no. 1 and tract no. 2. Such entry and occupation must have occurred after the 21 years adverse possession had elapsed for defendant had only purported to possess tract no. 1 and part of tract no. 2 and attempted to take possession after the 21 years had elapsed. Plaintiff has averred title by adverse possession of land fully described and averred, that after his title of adverse possession had become complete, defendant entered upon the land and occupied it and has refused to deliver possession thereof to plaintiff when plaintiff demanded such possession. These averments certainly constitute a right of action in plaintiff against defendant and, if proved, entitle him to a judgment in ejectment.

The complaint does not violate Pa. R. C. P. 1019 although that rule governing actions in assumpsit also governs generally actions of ejectment. First, the material facts on which plaintiff bases his title are stated in a concise and summary form as required by Pa. R. C. P. 1019(a). Second, the adverse possession averred in the present case is not alleged to be based upon any entry under color of title or any written instrument and, as adverse possession can begin and continue by mere physical entry upon land and ad-

verse possession thereof for 21 years where no color of title or claim of title is averred but merely possession, there is a substantial compliance with Pa. R. C. P. 1019(*h*). Neither does the complaint violate Pa. R. C. P. 1054 because a claim of ownership by adverse possession need not be based upon any title or any ownership in any person prior to or at the beginning of the adverse possession. The owner by adverse possession takes title from no person but acquires title against all persons by reason of his adverse possession.

The complaint in the action avers a good cause of action, is sufficiently specific and does not violate Pa. R. C. P. 1019 and 1054. The form of a complaint of an action of ejectment based on adverse possession set forth under §2838 of volume 8 Anderson Pa. Civ. Pract. 130 substantially supports the foregoing conclusion. The preliminary objections must be overruled.

Now, December 30, 1955, the preliminary objections are overruled and defendant is given 20 days in which to file an answer to the complaint.

Now, December 30, 1955, exceptions granted to defendant, Bruce I. Neibert.